**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CRISTINA BRILL,

                Plaintiff,

      v.                                         1:24-cv-1026 (AMN/PJE)

ULSTER COUNTY; ADAM SAUNDERS, *in his*
*individual and official capacity*; CHRISTOPHER
WEST, *in his individual and official capacity*;
DEPUTY DAMON ALBERTS, *in his individual*
*and official capacity*; DETECTIVE EMMETT
VEDDER, *in his individual and official capacity*;
JOHN DOE OFFICERS 1-5, *in their individual and*
*official capacities;* and ELENI CALOMIRIS,

                Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

**OFFICE OF THOMAS M. GAMBINO**      **THOMAS M. GAMBINO, ESQ.**
**& ASSOCIATES, P.C.**
222 Church Street
Poughkeepsie, New York 12601
*Attorneys for Plaintiff*

**COOK, NETTER LAW FIRM**           **ERIC M. KURTZ, ESQ.**
P.O. Box 3939
85 Main Street
Kingston, New York 12402
*Attorneys for Defendants Ulster County,*
*Deputy Damon Alberts & Detective Emmett Vedder*

**FULLERTON BECK, LLP**             **KATRINE A. BECK, ESQ.**
Four West Red Oak Lane – Suite 203     **JOSEPH SAUER, ESQ.**
White Plains, New York 10604
*Attorneys for Defendants Adam Saunders &*
*Christopher West*

**MAYNARD, O'CONNOR, SMITH &**     **JUSTIN W. GRAY, ESQ.**
**CATALINOTTO**
6 Tower Place
Albany, New York 12203
*Attorneys for Defendant Eleni Calomiris*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

On August 20, 2024, Plaintiff Cristina Brill filed this action against Ulster County, Adam Saunders, Christopher West, Deputy Damon Alberts, Detective Emmett Vedder, John Doe Officers 1-5, and Eleni Calomiris (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983 alleging various constitutional and common law violations.  *See* Dkt. No. 1 ("Complaint").  On September 18, 2024, Defendants Ulster County, Alberts, and Vedder answered the Complaint, asserting various affirmative defenses as well as a crossclaim for contribution and/or indemnification against Defendants Saunders, West, John Doe Officers 1-5, and Calomiris.  *See* Dkt. No. 4.  On October 2, 2024, Defendant Calomiris answered the Complaint, asserting various affirmative defenses as well as a crossclaim for contribution and/or indemnification against all other Defendants.  *See* Dkt. No. 6.  On October 30, 2024, Defendants Saunders and West ("Moving Defendants") filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Dkt. No. 19 ("Motion").  Plaintiff opposed the Motion on November 19, 2024, *see* Dkt. No. 22, and simultaneously cross-moved to amend the Complaint pursuant to Fed. R. Civ. P. 15, *see* Dkt. No. 21 ("Cross-Motion").  Moving Defendants filed a reply in support of the Motion and opposed the Cross-Motion on December 10, 2024.  *See* Dkt. No. 23.  Accordingly, the Motion and Cross-Motion are now ripe for adjudication.

For the reasons set forth below, the Motion is granted, the Cross-Motion is denied, and the Complaint is dismissed with prejudice against all Defendants.

## II.    BACKGROUND

Unless otherwise noted, the following facts are drawn from the Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the

motions, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *Williams v. N.Y.C. Hous. Auth.*, 816 Fed. Appx. 532, 534 (2d Cir. 2020).

### A.  The Parties

Plaintiff is a resident of Ulster County, New York, former employee of the nonprofit Ulster County Society for the Prevention of Cruelty to Animals ("SPCA"), and former owner of an animal rescue business.  *See* Dkt. No. 1 at ¶¶ 3, 27.

Defendant Ulster County is a municipal corporation duly organized and existing under the laws of the State of New York.  *Id.* at ¶ 4.  Ulster County maintains the Ulster County Sheriff's Department, which acts as Ulster County's agent.  Defendants Deputy Damon Alberts and Detective Emmett Vedder were, at all relevant times, employed by the Ulster County Sheriff's Department.  *Id.* at ¶ 5.  Defendants Adam Saunders and Christopher West were, at all relevant times, employed as Peace Officers with the Ulster County SPCA.  *Id.* at ¶¶ 8-9.  Defendant Elena Calomiris is also a resident of Ulster County, who operates an animal rescue business that was allegedly competitive with Plaintiff's business.  *Id.* at ¶¶ 10, 18-20, 22.

### B.  The Complaint

At some point in time, Plaintiff was employed by the Ulster County SPCA.  *See id.* at ¶¶ 17, 27.  According to Plaintiff, after she accepted this employment, she was terminated "through no fault of her own."  *Id.* at ¶ 29.  Thereafter, Plaintiff successfully challenged her termination and "won employment benefits," and then opened her own animal rescue.  *Id.* at ¶ 30-32.  Based on those events, Plaintiff alleges that non-party Ulster County SPCA harbors animus towards her. *See id.* at ¶ 32.

After opening her animal rescue, Plaintiff claims that Defendants West and Saunders, as well as Defendant Calomiris, disseminated false information "both verbally and in writing" claiming that Plaintiff "neglected animals in her care," "tortured animals in her care," "abused animals in her care," "failed to feed animals in her care," "failed to provide medical treatment for animals in her care," and "sold sick or injured animals." *Id.* at ¶ 8-9, 22, 25. Plaintiff claims that these statements were published through various online platforms, including Facebook, rescueme.org, adoptapet.com, and petfinder.com. *Id.* at ¶ 26.

Following the publication of these alleged false statements, Plaintiff contends that Defendants West and Saunders improperly obtained an arrest warrant for Plaintiff, as well as a search warrant of Plaintiff's residence. *Id.* at ¶ 20. As a result, on August 23, 2021, Plaintiff was arrested at her residence by Defendants Saunders, West, Alberts, and Vedder for violating New York Agriculture and Markets Law §§ 353 and 357 and a search of her residence was conducted. *Id.* at ¶¶ 16, 38.[1] As the search warrant was being executed, Plaintiff alleges that she was interrogated by "Defendant officers" without being advised of her *Miranda* rights, before being presented with the arrest warrant, and without the opportunity to speak to an attorney. *Id.* at ¶¶ 38-39. Plaintiff "appeared before the Justice Court" on October 6, 2021 for an arraignment on the charges, which were originally filed on June 18, 2021. *Id.* at ¶ 43. Ultimately, the charges brought against Plaintiff were adjourned in contemplation of dismissal pursuant New York Criminal Procedure Law § 170.55. *Id.*, Ex. C. Plaintiff claims that this series of events put her animal rescue out of business, caused her financial loss, injured her reputation and standing in the

---

[1] Plaintiff claims that the search warrant was expired at the time of execution, and did not permit "no knock" entry, yet Defendants Alberts and Vedder allegedly placed a ladder next to Plaintiff's residence "in an apparent effort to enter [the] residence through a window and disable her home security cameras," and "tried to force entry . . . through a rear window in her residence" prior to Plaintiff arriving at home on August 23, 2021. *Id.* at ¶ 36.

community and her profession, and inhibited her ability to obtain future employment. *Id.* at ¶¶ 21, 45.

Based on the foregoing, Plaintiff brings a variety of causes of action. First, Plaintiff brings two causes of action for conspiracy pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, alleging that Defendants conspired with one another to deprive Plaintiff of her constitutional rights, including her rights to be free from unlawful searches, unlawful arrest, malicious prosecution, and "from fabricating and contriving purported misconduct." *Id.* at ¶¶ 61-65. Second, Plaintiff brings a cause of action for false arrest and malicious prosecution pursuant to 42 U.S.C.§ 1983, claiming that that Defendants arrested, detained, and caused a criminal prosecution against Plaintiff despite lacking probable cause. *Id.* at ¶¶ 66-74. Third, Plaintiff alleges that Defendants violated her First and Fourteenth Amendment rights "to freely associate with others." *Id.* at ¶¶ 75-79. Finally, Plaintiff brings two pendent state law claims for false arrest and defamation. *Id.* at ¶¶ 83-95.

## C. The Motion

Moving Defendants argue that the Complaint should be dismissed in its entirety because Plaintiff's claims are "inadequately pled and fail to state valid claims upon which relief can be granted." Dkt. No. 19-1 at 6.[2] With regard to Plaintiff's conspiracy claims, Moving Defendants contend that Plaintiff fails to allege that Defendants came to an agreement or meeting of the minds, and fails to state "the nature, purpose or goals of the alleged conspiracy." *Id.* at 8. Regarding Plaintiff's malicious prosecution claim, Moving Defendants argue that Plaintiff fails to plead that the underlying criminal prosecution resulted in a favorable termination for Plaintiff. *Id.* at 10. With regard to Plaintiff's First and Fourteenth Amendment claims, Moving Defendants argue that

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

5

Plaintiff fails to allege a violation of any specific, constitutionally protected right. *Id.* at 10-11. And finally, Moving Defendants argue that Plaintiff's pendent state law claims are time-barred under the requisite statutes of limitations. *Id.* at 11-12.

### D. The Opposition, Cross-Motion, and Proposed Amended Complaint

In opposition to the Motion, Plaintiff refers to and annexes documents that were disclosed to Moving Defendants under Fed. R. Civ. P. 26 which, according to Plaintiff, establish that a conspiracy between Defendants Saunders, West, and Calomiris "is well documented." Dkt. No. 22 at 8. Additionally, Plaintiff clarifies that her Fourteenth Amendment claim concerns her purported liberty interest in her animal rescue license, which "was effectively terminated without due process as a result of [the] unlawful arrest." *Id*. at 11. Moreover, Plaintiff concedes that her pendent state law false arrest claim is time-barred but argues that her pendent state law defamation claim is not time-barred since the alleged false statements continue to be disseminated online "as that online content cannot be deleted from the internet." *Id.* Plaintiff alternatively cross-moves to amend the Complaint and annexes a proposed amended complaint that bolsters certain of Plaintiff's factual allegations regarding her purported liberty interest and adds publication dates pertaining to her defamation claim. *See* Dkt. No. 22-5 at ¶¶ 21, 26, 64.

## III.   STANDARD OF REVIEW

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court's review of a

motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

### B. Leave to Amend

Fed. R. Civ. P. 15(a) provides, in relevant part, that: "a party may amend [a] pleading once as a matter of course at any time before a responsive pleading is served. . . ." *See also Best Payphones, Inc. v. City of New York*, No. 04-CV-3541, 2006 WL 845506, at *2 (E.D.N.Y. Mar. 30, 2006) (quoting Fed. R. Civ. P. 15(a)). When a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Fed .R. Civ. P. 12(b)(6), leave to

amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). When assessing futility, the court employs a standard comparable to that utilized in assessing a motion to dismiss under Rule 12(b)(6). *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (observing that "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss").

## IV.    DISCUSSION

Since the standards for analyzing both Defendants' Motion and Plaintiff's Cross-Motion are largely the same, for the sake of efficiency, the Court will assess the plausibility of Plaintiff's claims as set forth in both the Complaint and proposed amended complaint. *See Milanese*, 244 F.3d at 110; *see also Balkum v. Sawyer*, No. 9:09-CV-0289, 2010 WL 3927817, at *4 (N.D.N.Y. Oct. 4, 2010).

### A.  Motion to Dismiss

#### i.    Conspiracy Claims

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Butler v. Hesch*, 286 F. Supp. 3d 337, 363 (N.D.N.Y. 2018) (citation omitted); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002). And "[t]o state a conspiracy claim under 42 U.S.C. § 1985[,]" a plaintiff must allege "(1) some racial or other class-based discriminatory animus underlying the [defendants'] actions; and (2) that the conspiracy was aimed at interfering with [the plaintiff's] protected rights." *Brito v. Arthur*, 403 Fed. Appx. 620, 621 (2d Cir. 2010) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)).

Allegations of direct evidence of conspiracy are not necessary, but detailed allegations of the conspiracy's "time and place" must be provided for a complaint to cross the plausibility threshold.  *See Ciambriello*, 292 F.3d at 325.  Moreover, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Kiryas Joel Alliance v. Vill. of Kiryas Joel*, 495 Fed. Appx. 183, 190 (2d Cir. 2012) (quoting *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003)).  "Vague and conclusory allegations that defendants entered into an unlawful agreement will not suffice to state a conspiracy claim under either § 1983 or § 1985(3)." *Trombley v. O'Neill*, 929 F. Supp. 2d 81, 97 (N.D.N.Y. 2013) (citing *Kyrias Joel Alliance*, 495 Fed. Appx. at 190-91); *see also Emmerling v. Town of Richmond*, 434 Fed. Appx. 10, 12 (2d Cir. 2011).

Here, Plaintiff fails to state a plausible cause of action for conspiracy under either § 1983 or § 1985(3).  First, even viewing the allegations in the light most favorable to Plaintiff, the Complaint and proposed amended complaint contain nothing more than vague, generalized assertions that Defendants engaged in a conspiracy to violate Plaintiff's constitutional rights.  *See, e.g.*, Dkt. No. 22-5 at ¶ 19 ("Defendants Eleni Calomiris, Christopher West and Adam Saunders conspired to create and disseminate false information concerning Plaintiff to cause Plaintiff's arrest and the dissolution of Plaintiff's animal rescue"), ¶ 24 ("After putting the Plaintiff's animal rescue out of business as a result of the false criminal charges asserted against Plaintiff, Defendant Adam further conspired with Defendant Calomiris and opened his own animal rescue.").

As Defendants rightfully point out, "[c]onclusory statements that a conspiracy is afoot are insufficient" to state a plausible claim for conspiracy.  *Perez v. Does*, 209 F. Supp. 3d 594, 599 (W.D.N.Y. 2016) (citing *Green v. McLaughlin*, 480 Fed. Appx. 44, 46 (2d Cir. 2012)).  Plaintiff does not, for example, allege any specific facts regarding a "meeting of the minds" among any or

all Defendants, nor does Plaintiff set forth how Defendants acted in concert with one another to violate Plaintiff's rights. While Plaintiff contends in her opposition that "[t]he conspiracy between Defendants Saunders, West and Calomiris is well documented" through records exchanged during the Rule 26 disclosure process, an independent review of that evidence does not show any communications between those Defendants at all, except that Defendant Calomiris was the individual who initially reported to Defendants Saunders and West that Plaintiff had been engaged in animal neglect. *See* Dkt. No. 22-3 at 111-113. However, evidence that a civilian reported purported criminal activity to law enforcement does not establish a "meeting of the minds" or concerted behavior sufficient to state a conspiracy claim. *See, e.g.*, *DeSantis v. Town of Cheektowaga*, No. 17-CV-148S, 2020 WL 1530773, at *13 (W.D.N.Y. Mar. 31, 2020) ("Not only is the filing of a police report not evidence of an agreement to act in concert to inflict an unconstitutional injury, but 'it has long been held that a private party does not become a willful participant by merely invoking the assistance of the police.'") (quoting *White v. City of N.Y.*, No. 17-CV-2404, 2019 WL 1428438, at *5 (S.D.N.Y. Mar. 29, 2019)); *cf. Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) ("Where, as here, a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not 'jointly engaged' in the officer's conduct so as to render it a state actor under Section 1983."). Similarly, the fact that certain Defendants may have coordinated with one another to obtain warrants and conduct the ultimate arrest of Plaintiff and search of Plaintiff's residence does not alone establish a conspiracy to violate Plaintiff's rights. *See Beechwood Restorative Care Center v. Leeds*, 436 F.3d 147, 154 (2d Cir. 2006) (the fact that government employees from various federal and state agencies cooperated does not, without more, prove that they conspired to

violate the plaintiff's rights). Accordingly, Plaintiff's allegations are insufficient to state a claim upon which relief could be granted.

Regardless, even if Plaintiff's allegations were sufficient to satisfy the plausibility threshold, discussed in more detail *infra*, Section IV(a)(iv), it is not clear which of Plaintiff's constitutionally protected rights Defendants allegedly acted in concert to violate. "A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right. Thus, if a plaintiff cannot sufficiently allege a violation of [her] rights, it follows that [s]he cannot sustain a claim of conspiracy to violate those rights." *Fitzgerald v. City of Troy, N.Y.*, No. 10-CV-451, 2012 WL 5986547, at *23 (N.D.N.Y. Nov. 28, 2012) (citing *Malsh v. Austin*, 901 F. Supp. 757, 763-64 (S.D.N.Y.1995)).

Accordingly, the Court grants the Motion to dismiss Plaintiff's conspiracy claims under § 1983 and § 1985(3).

### ii.    False Arrest Claim

"To establish a claim under § 1983 for false arrest a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Jackson v. City of N.Y.*, 939 F. Supp. 2d 235, 248 (E.D.N.Y. 2013) (citation omitted); *see also Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012). In the context of an arrest, a confinement is "privileged" if it is based on "probable cause." *See, e.g.*, *Simpson v. City of N.Y.*, 793 F.3d 259, 265 (2d Cir. 2015). "A police officer has probable cause to arrest when he has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed

or is committing a crime." *Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 494 (N.D.N.Y. 2017) (internal quotations and citations omitted).

Here, Plaintiff fails to state a plausible cause of action for false arrest under § 1983.  First, the Complaint and proposed amended complaint are devoid of allegations that Plaintiff was ever subjected to confinement.   "A claim for false arrest must be premised on an actual arrest." *Bissinger v. City of N.Y.*, No. 06-Civ-2325, 2007 WL 2826756, at *8 (S.D.N.Y. Sept. 24, 2007) (citing *Griffin-Nolan v. Providence Wash. Ins. Co.*, No. 04-Civ-1453, 2005 WL 1460424, at *7 (N.D.N.Y. June 20, 2005)).   While Plaintiff alleges that she was "arrested [and] detained" on August 23, 2021, *see* Dkt. No. 1 at ¶ 69, there are no allegations that Plaintiff was ever taken into custody, and the underlying state court documents annexed to Plaintiff's opposition confirm that she was only issued an appearance ticket and arraigned over one month later, *see* Dkt. No. 22-3 at 121.   "[T]he issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure."  *See Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010).[3]

Moreover, even if Plaintiff could plausibly allege that she was subjected to the requisite level of confinement, her August 23, 2021 arrest is considered privileged because it was made pursuant to a warrant issued by the Town of Rochester Justice Court.  *See* Dkt. No. 22-3 at 104. "[W]hen an arrest is made 'pursuant to a facially valid warrant issued by a court with competent jurisdiction, probable cause is conclusively presumed.'"  *Mistretta v. City of N.Y.*, No. 98-CV-2589, 1999 WL 1129618, at *3 (E.D.N.Y. Oct. 15, 1999) (quoting *Benjamin v. U.S.*, 554 F. Supp.

---

[3] While certain circumstances accompanying the issuance of an appearance ticket can sometimes adequately plead a false arrest claim, such as a plaintiff being told that she was not free to leave or being handcuffed to a wall in a police station before being given an appearance ticket, *see, e.g.*, *Wagner v. Hyra*, 518 F. Supp. 3d 613, 625 (N.D.N.Y. 2021), no such allegations are made in the Complaint or proposed amended complaint.

82, 85 (E.D.N.Y. 1982)); *Johnson v. Dobry*, 660 Fed. Appx. 69, 71 (2d Cir. 2016) ("Johnson was arrested pursuant to a warrant, which was presumed to have issued on probable cause, . . . the existence of which is a complete defense to a § 1983 claim for false arrest") (citing, *inter alia*, *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015)).  Plaintiff does not dispute the existence of the warrant, nor does she allege that it was "obtain[ed] by fraud or it was invalid on its face." *Johnson*, 660 Fed. Appx. at 71.  Therefore, Defendants had probable cause to arrest Plaintiff and any confinement of Plaintiff is considered privileged.

Accordingly, the Court grants to Motion to dismiss Plaintiff's false arrest claim.

### iii.    Malicious Prosecution Claim

To establish a malicious prosecution claim under § 1983, a plaintiff must allege "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (quoting *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995)).

Here, Plaintiff's malicious prosecution claim fails because the underlying state court action was not terminated in her favor.  Attached to the Complaint is the certificate of disposition for the underlying state court action, which indicates that the case brought against Plaintiff was adjourned in contemplation of dismissal pursuant New York Criminal Procedure Law § 170.55.  *See* Dkt. No. 1, Ex. C.  It has long been established that the acceptance of an adjournment in contemplation of dismissal does not constitute a favorable determination for purposes of a malicious prosecution claim.  *See Parker v. Santos*, No. 19-CV-6945, 2024 WL 4243663, at *6 (E.D.N.Y. Aug. 15, 2024); *see also Singleton v. City of N.Y.*, 632 F.2d 185, 193 (2d Cir. 1980) ("An adjournment in contemplation of dismissal, like a consent decree, involves the consent of both the prosecution and

the accused and leaves open the question of the accused's guilt.") (internal citations and quotation marks omitted).

Accordingly, the Court grants the Motion to dismiss Plaintiff's malicious prosecution claim.

### iv.    First and Fourteenth Amendment Claims

To state plausible First Amendment and Fourteenth Amendment violations, a plaintiff must first adequately allege that she was deprived "of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999); *see also Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) ("To plead a First Amendment retaliation claim a plaintiff must show [that] [s]he has a right protected by the First Amendment . . ."); *Ferran v. Town of Nassau*, 471 F.3d 363, 369 (2d Cir. 2006) (in Fourteenth Amendment context, the Court "must first inquire whether a constitutionally cognizable [] interest is at stake.") (internal quotation marks omitted).

Here, Plaintiff's purported constitutional claims fail because she has not plausibly alleged that Defendants violated a recognized, constitutionally protected right.

Regarding Plaintiff's First Amendment allegations, while Plaintiff asserts that "Defendants denied Plaintiff the ability to engage in the protected activities of rescuing animals, caring for them and then seeking persons to adopt those animals through various sources, including online platforms," Dkt. No. 22-5 at ¶ 78, the Court is unaware of, and Plaintiff does not cite to, any cases in which engaging in such activities was considered a constitutionally protected right. Moreover, even though Plaintiff alleges more generally that "Defendants deprived Plaintiff of his [sic] First and Fourteenth Amendment rights to freely associate with others," *id.* at  76, it is not clear to the Court what associational rights Plaintiff alleges were violated. The Supreme Court has recognized

two types of associational rights: (1) a right to associate with others in intimate relationships; and (2) a right to associate with others for purposes of engaging in activities traditionally protected by the First Amendment, such as speech and other expressive conduct.  *See Adler v. Pataki*, 185 F.3d 35, 42 (2d Cir. 1999) (citing *Roberts v. United States Jaycees*, 468 U.S. 609 (1984)).  With regard to the former category of rights, nothing in the Complaint or proposed amended complaint implies that Plaintiff is alleging a violation of her right to associate with others in intimate relationships, as the only players involved are non-family members of Plaintiff or those with no purported prior relationship with Plaintiff.  *See, e.g.*, *Miron v. Town of Stratford*, 976 F. Supp. 2d 120, 148 (D. Conn. 2013) ("Non-familial relationships, for the most part, do not fall within this First Amendment protection") (citing *Berrios v. State Univ. of N.Y. at Stony Brook*, 518 F. Supp. 2d 409, 418 (E.D.N.Y. 2007)).  With regard to the latter category of rights, Plaintiff has not alleged that she engaged in speech or conduct that is protected under the First Amendment.  To successfully plead a violation of her right to free speech, it is incumbent upon Plaintiff to set forth some allegation that (1) Defendants silenced her; or (2) that "[D]efendants' actions had some actual, non-speculative chilling effect" on her speech.  *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir.2002); *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).  Neither the Complaint nor the proposed amended complaint make any such allegations.

Regarding Plaintiff's due process allegations, to the extent that Plaintiff alleges that Defendants' conduct deprived her of the opportunity to continue operating her animal rescue business, as Defendants rightfully point out, "[a]ction that merely harms one's professional or business interests does not, alone, infringe a federally-protected right, and thus does not implicate due process."  *Montalbano v. Port Authority of N.Y. & N.J.*, 843 F. Supp. 2d 473, 483 (S.D.N.Y. 2012) (quoting *Giammatteo v. Newton*, 452 Fed. Appx. 24, 30 (2d Cir. 2011) (summary order));

*see also Everest Foods Inc. v. Cuomo*, 585 F. Supp. 3d 425, 439 (S.D.N.Y. 2022) (no property interest protected by substantive due process in right to earn a living). In her opposition, Plaintiff argues, without citation, that "[w]hile Defendants argue that there is no substantive due process right to operate a business, there is a due process right and liberty interest in a license, which Plaintiff has not been afforded" due to Defendants' alleged conduct. Dkt. No. 22 at 11. The Court recognizes, albeit in other contexts, that individuals sometimes have a constitutionally protected right to maintain a professional license. *See, e.g.*, *N.Y.S. Trawlers Ass'n v. Jorling*, 16 F.3d 1303, 1311 (2d Cir. 1994); *see also Bell v. Burson*, 402 U.S. 535, 539 (1971) ("Once licenses are issued, . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses . . . involves state action that adjudicates important interests of the licensees."). However, even viewing the allegations in the light most favorable to Plaintiff, the Complaint and proposed amended complaint fail to assert that Plaintiff had "a legitimate claim of entitlement" to such a license. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); *see also Cullen v. Mello*, No. 23-413, 2024 WL 1904571, at *1 (2d Cir. 2024) (summary order) ("interests in 'possible future licenses,' or in existing licenses revokable in the state's discretion, cannot support a due process claim") (quoting *Spinelli v. City of N.Y.*, 579 F.3d 160, 169 (2d Cir. 2009)).

Moreover, even if Plaintiff had adequately alleged a deprivation of a recognized constitutional right to maintain a professional license, she has failed to set forth any allegations that Defendants actually caused such a deprivation, since Defendants are not alleged to have had any control over the status of Plaintiff's alleged professional license and are not alleged to have done anything affirmative with respect to such a license. *See Tyrrell v. Seaford Union Free Sch. Dist.*, 792 F. Supp. 2d 601, 630 (E.D.N.Y. 2011) ("in order to state a Section 1983 procedural due process claim, she must demonstrate that she "was deprived in some manner of [a] property interest

16

. . . by Defendants' conduct.") (quoting *Smith v. Guilford Bd. of Educ.*, 226 Fed. Appx. 58, 63 (2d Cir.2007) (summary order)).  And to the extent that Plaintiff's Fourteenth Amendment claim is exclusively a substantive due process claim, which itself is not entirely clear, Plaintiff has not shown that Defendants infringed on Plaintiff's right to maintain a professional license "in an arbitrary or irrational manner."  *Cine SK8 v. Town of Henrietta*, 507 F.3d 778, 784 (2d Cir. 2007) (plaintiff must demonstrate that (1) she had a "valid property interest"; and (2) "defendants infringed on that property right in an arbitrary or irrational manner.") (citing *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 503 (2d Cir. 2001)).  Indeed, the facts in the Complaint and proposed amended complaint set forth only that Plaintiff was arrested and charged with animal neglect based on allegations made by certain Defendants, supported by documented evidence annexed to Plaintiff's opposition, which Plaintiff chose not to dispute and instead agreed to adjourn the case in contemplation of dismissal.  *See Rothstein v. Carriere*, 373 F.3d 275, 287 (2d Cir. 2004) (adjournment in contemplation of dismissal "is a bargained-for dismissal of a criminal case").  Any claim that Defendants violated Plaintiff's procedural or substantive due process rights is undermined by the fact that she had the opportunity to litigate these issues in state court but chose not to do so.

Accordingly, the Court grants the Motion to dismiss Plaintiff's First and Fourteenth Amendment claims.

### v.    State Law Claims

As mentioned above, Plaintiff originally brought state law claims for false arrest and defamation.  However, in her opposition to the Motion, Plaintiff concedes that her state law false arrest claim is barred by the applicable one-year statute of limitations.  *See* Dkt. No. 22 at 12; *see also* N.Y. C.P.L.R. § 215(3).  Accordingly, the Court dismisses that claim on consent.

With regard to Plaintiff's state law defamation claim, in light of the prior holdings dismissing Plaintiff's federal claims, the Court declines, in its discretion, to exercise pendent jurisdiction over such claim "pursuant to 28 U.S.C. § 1367, which authorizes a federal court to decline supplemental jurisdiction over a state claim if all of the claims over which the court had original jurisdiction were dismissed." *Stephenson v. Albany Cnty. Policymakers*, No. 6:09-CV-326, 2009 WL 2922805, at *2 (N.D.N.Y. Aug. 14, 2009); *see also* 28 U.S.C. § 1367(c)(3) (providing that a district court "may decline to exercise supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction").

### B.  Motion to Amend

Having now assessed the plausibility of all claims pled in Plaintiff's Complaint and proposed amended complaint, the Court addresses whether Plaintiff's request for leave to amend the Complaint would be futile.  An amendment is considered futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999); *accord Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011).  "[I]f a claim contained in a proposed amended complaint would be vulnerable in the face of a Rule 12(b)(6) motion, then permitting amendment would be an act of futility that should not be sanctioned. . . . If, on the other hand, a proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny amendment." *Castro v. Heath*, No. 9:12-CV-01250, 2013 WL 5354241, at *13 (N.D.N.Y. Sept. 23, 2013) (internal quotations and citations omitted) (granting motion for leave to amend only as to those assertions in proposed amended complaint that survive 12(b)(6) analysis).  Stated differently, "[w]here it appears that granting

leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (collecting cases).

As set forth above, the proposed amended complaint only (1) bolsters certain of Plaintiff's factual allegations regarding her purported liberty interest, namely, by asserting that she was denied a liberty interest with respect to her license to operate an animal rescue within the State of New York; and (2) adds publication dates pertaining to her defamation claim.  Since those additions do not remedy the issues that were presented in the original Complaint for the reasons detailed herein, and in light of the other factual and substantive deficiencies in Plaintiff's Complaint, the Court finds that any amendment would be futile.

Accordingly, the Court grants Defendants' Motion in its entirety, with prejudice, and denies Plaintiff's Cross-Motion.

## V.      CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants Saunders's and West's motion to dismiss, Dkt. No. 19, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with prejudice** as against **ALL Defendants**; and the Court further

**ORDERS** that Plaintiff's cross-motion to amend the Complaint, Dkt. No. 21, is **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2025
        Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge